IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANK JAMES CAPOZZI, SR.,** | : | Civ. No. 3:17-CV-02413 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **CATERING BY MARLINS, Inc., et al.,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | **Judge Sylvia H. Rambo** |

# M E M O R A N D U M   A N D   O R D E R

This action arises from pro se Plaintiff Frank James Capozzi, Sr.'s claim that during his incarceration at Lackawanna County Prison, the defendants violated his civil rights by failing to honor his dietary needs as required by his religious beliefs. In November 2019, Defendants Tim Betti, Mari Finlon, David Langan (the "LCP Officials") filed a motion for summary judgment arguing that Mr. Capozzi failed to exhaust his administrative remedies. (Doc. 39.)

In May 2019, the magistrate judge issued a report and recommendation recommending that the court deny the motion. (Doc. 47.) According to the report and recommendation, there is a disputed issue of material fact as to whether Mr. Capozzi exhausted his remedies because the LCP Officials' declaration statements that they never received an appeals grievance from Mr. Capozzi is disputed by an April 2017 letter from Mr. Capozzi in which he expressly stated that he filed an

1

appeals grievance with the deputy warden just ten days prior, as required by the prison's internal grievance procedure. (*Id.*, pp. 5-6; Doc. 41-1, p. 7.)

Where a party objects to a magistrate judge's report and recommendation, the district court must review those contested portions using a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3). "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

Here, while the LCP Officials have filed objections to the report and recommendation (Do. 48), they offer no substantive argument for doubting its principal conclusions. The LCP Officials instead call Mr. Capozzi's aforementioned letter self-serving, stress the reliability of their own records and knowledge, and point out that Mr. Capozzi never filed an opposition brief. (*See id.*, pp. 10-12.) None of these arguments, however, detracts from that the fact that the record contains conflicting evidence as to whether Mr. Capozzi properly exhausted his remedies by filing an appeals grievance. That conflicting evidence could allow a reasonable factfinder to rule in Mr. Capozzi's favor on the issue of exhaustion. The court thus cannot discern any error in the report and recommendation's recommendation that the LCP Officials' motion for summary judgment should be denied.

Finally, the LCP Officials also argue that the court should dismiss this case for failure to prosecute because Mr. Capozzi did not file an opposition brief or respond to certain discovery requests. (*See id.*, p. 8.) The problem with this argument is that the LCP Officials never filed a motion to dismiss this action for failure to prosecute. The court therefore declines to reach the merits of this argument, raised for the first time in the LCP Officials' objections, because the magistrate judge never had an opportunity to consider it in the first instance. Accordingly, **IT IS HEREBY ORDERED** that:

(1) the report and recommendation (Doc. 47) is **ADOPTED** in full;

(2) the LCP Officials' motion for summary judgment (Doc. 39) is **DENIED;**

(3) Defendant Colleen Orzel is dismissed from this action with prejudice;[1] and

(4) this matter is remanded to the magistrate judge for further proceedings.

*/s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: September 18, 2020

---

[1] The Report and Recommendation recommends terminating Defendant Colleen Orzel from this action because Mr. Capozzi only asserted one cause of action against her and that cause of action was already dismissed. (Doc. 47, n. 1.) The court finds this recommendation to be proper.